**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DOLORES ZUNIGA-PEREZ, | No. 09-72887 |
| Petitioner, | Agency No. A092-525-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[***]

Jose Zuniga-Perez ("Zuniga-Perez"), a native and citizen of Mexico and a

legal permanent resident of the United States, petitions for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]     The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for Northern Texas, Dallas, sitting by designation.

Immigration Appeals' ("BIA") order which summarily affirmed an Immigration Judge's ("IJ") finding of removability.

We have jurisdiction under 8 U.S.C. § 1252. We affirm the BIA's decision.

**I.**

On appeal, Zuniga-Perez asserts that the IJ failed to explain the immigration process and that the IJ failed to probe Zuniga-Perez's decision to appear *pro se*. Neither of these arguments were asserted before the BIA. A petitioner's failure to raise an argument to the BIA generally bars this court "from reaching the merits of a legal claim." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (citing 8 U.S.C. § 1252(d)(1)). Accordingly, we lack jurisdiction to address these arguments.

**II.**

Where the BIA affirms the IJ's decision without an opinion under 8 C.F.R. § 1003.1(e)(4), "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004) (internal quotation marks omitted). Accordingly, in this case we review the IJ's decision. Zuniga-Perez challenges the IJ's decision on two grounds: (1) that the IJ violated his due process rights; and, (2) that the IJ erred in finding him removable.

Zuniga-Perez raises two due process claims. First, Zuniga-Perez contends that the IJ should have determined whether an appeal was pending on Zuniga-Perez's state court drug conviction. An IJ may consider a criminal conviction when "the trial court enter[s] a formal judgment of guilt." *Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011). There is no requirement "that all direct appeals be exhausted or waived." *Id*. Accordingly, the IJ's failure to inquire as to the status of Zuniga-Perez's state court conviction does not violate Zuniga-Perez's due process rights.

Second, Zuniga-Perez asserts that the IJ failed to address his effort to qualify his admission to the "illicit trafficker" charge. On appeal, Zuniga-Perez asserts that he "was attempting to articulate that his conviction qualified under the exception of the Federal First Offender Act ("FFOA")." The FFOA, however, is not available as a qualified exception to those respondents who are eligible for, but have not yet received, expungement of the conviction. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1291 (9th Cir. 2004). Here, the record and the briefs are silent as to whether Zuniga-Perez is actually eligible for or received expungement of his state criminal conviction for possession of marijuana for sale. We can only speculate that Zuniga-Perez "*might* petition a [ ] court for expungement, and that a

3

court *might* grant that relief." *Id.* at 1292 (emphasis in original). Accordingly, Zuniga-Perez failed to meet his burden in demonstrating a due process violation.

Zuniga-Perez also asserts that the government failed to meet its burden of proof. Yet, at the May 27, 2009 hearing, Zuniga-Perez admitted to the state drug conviction charge alleged in the Notice to Appear ("NTA") during the pleading stage. "[A]dmissions by an alien to facts alleged in an NTA, and concessions concerning matters of law, made in the 8 C.F.R. §1240.10(c) 'pleading stage' of removal proceedings are binding, just as admissions made by a defendant in an answer to a civil complaint are binding in a judicial proceeding." *Perez-Mejia v. Holder*, 641 F.3d 1143, 1149 (9th Cir. 2011). Once an alien admits facts that support removability, the government has satisfied its burden. *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008).

Here, as in *Perez-Mejia v. Holder*, the NTA expressly stated the federally controlled substance for which Zuniga-Perez was convicted. *Perez-Mejia*, 641 F.3d at 1154. The IJ told Zuniga-Perez that he was going to "take a pleading...to the allegations." During the pleadings, the IJ asked whether, "[o]n March 19, 2009, [Zuniga-Perez was] convicted in the Superior Court, County of San Diego, for possession of marijuana for sale as charged in allegation 6?". Zuniga-Perez responded in the affirmative. Violation of California Health & Safety Code §

4

11359, possession of marijuana for sale, is categorically an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B). *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony"); *See also U.S. v. Martinez-Rodriguez*, 472 F.3d 1087, 1095 (9th Cir. 2007). Accordingly, the government met its burden when Zuniga-Perez admitted to the aggravated felony charge alleged in the NTA during the pleading stage of the hearing. *But cf. Pagayon v. Holder*, 642 F.3d 1226, 1234 (9th Cir. 2011) (holding that an admission to an overly broad conviction during the evidentiary stage of a removal hearing was not sufficient to establish removability without additional documents of conviction).

With regard to his eligibility for cancellation of removal, "[t]he respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." 8 C.F.R. § 1240.8(d). "If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." *Id*. In the instant case, Zuniga-Perez failed to meet his burden.

Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**

5