**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL ANGELO SAMONTE PLANES,
                        *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                        *Respondent.*

No. 07-70730

Agency No.
A037-329-028

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 9, 2011—Pasadena, California

Filed July 5, 2011

Before: Pamela Ann Rymer, Consuelo M. Callahan, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

8981

**COUNSEL**

Elsa I. Martinez, Law Offices of Elsa Martinez, PLC, Los Angeles, California, for petitioner Michael Angelo Samonte Planes.

Liza S. Murcia, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for respondent Eric H. Holder Jr.

**OPINION**

IKUTA, Circuit Judge:

Petitioner Michael Angelo Planes petitions for review of a final order of removal. An Immigration Judge (IJ) ordered Planes removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude, namely his 1998 conviction for violation of California Penal Code § 476a(a) (passing a bad check with intent to

defraud), and his 2004 conviction for violating 18 U.S.C. § 1029(a)(3) (possession of 15 or more access devices with intent to defraud). The IJ also exercised his discretion to deny Planes's request for cancellation of removal. The Board of Immigration Appeals (BIA) affirmed the removal order and discretionary denial. Planes petitions for review of the BIA's decision. Because we conclude (1) that Planes stands convicted of two crimes involving moral turpitude, for each of which a sentence of a year or more may be imposed, and which did not arise out of a common criminal scheme; and (2) that the IJ's denial of the cancellation request was a discretionary decision as to which Planes has not raised a colorable legal or constitutional claim, we lack jurisdiction over, and therefore dismiss, the petition for review. 8 U.S.C. § 1252(a)(2)(B)(I), (C).

I

Planes is a native and citizen of the Philippines and a lawful permanent resident of the United States. After entering the United States in July 1981, he sustained two relevant criminal convictions. In 1998, he pleaded guilty and was convicted of delivering or making a check with insufficient funds with intent to defraud, in violation of California Penal Code § 476a(a). In 2004, he pleaded guilty to and was convicted of possessing 15 or more "access devices," in violation of 18 U.S.C. § 1029(a)(3). Planes subsequently appealed the sentence imposed for the § 1029(a)(3) offense, but did not appeal the conviction itself. We remanded Planes's challenge to the sentence to the district court "for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1078, 1084-85 (9th Cir. 2005)."[1] On remand, the district court has not yet issued any decision regarding Planes's sentence.

---

[1]*Ameline* established our procedure for addressing a defendant's appeal of a sentence imposed under the Sentencing Guidelines before *United States v. Booker*, 543 U.S. 220 (2005), struck down the statute making the Sentencing Guidelines mandatory. We held that "when we are faced with

On September 20, 2005, the former Immigration and Natu-
ralization Service[2] issued Planes a notice to appear, alleging
that Planes was removable due to his convictions for two or
more crimes involving moral turpitude (namely, the two
offenses described above) not arising out of the same criminal
scheme, pursuant to Section 237(a)(2)(A)(ii) of the Immigra-
tion and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(ii).[3]

---

an unpreserved *Booker* error that may have affected a defendant's substan-
tial rights, and the record is insufficiently clear to conduct a complete
plain error analysis, a limited remand to the district court is appropriate for
the purpose of ascertaining whether the sentence imposed would have
been materially different had the district court known that the sentencing
guidelines were advisory." 409 F.3d at 1074. On remand, if the district
court determines that "the sentence imposed would not have differed
materially had he been aware that the Guidelines were advisory," the dis-
trict court must "place on the record a decision not to resentence, with an
appropriate explanation." *Id.* at 1085. If the district court would have
imposed a materially different sentence, the court must vacate the original
sentence and resentence the defendant. *See id.* In either case, the defendant
and the government have the right to appeal the decision. *See id.*

[2]The Homeland Security Act, Pub. L. No. 107-296 § 101(a) (2002), dis-
solved the Immigration and Naturalization Service and transferred most of
its functions to the Department of Homeland Security (DHS). For the sake
of simplicity, we refer to both the former and current agency as DHS.

[3]Section 1227(a)(2)(A) states:

    (i) Crimes of moral turpitude. Any alien who—

        (I) is convicted of a crime involving moral turpitude commit-
        ted within five years (or 10 years in the case of an alien pro-
        vided lawful permanent resident status under section 1255(j)
        of this title) after the date of admission, and

        (II) is convicted of a crime for which a sentence of one year
        or longer may be imposed,

    is deportable.

    (ii) Multiple criminal convictions. Any alien who at any time
    after admission is convicted of two or more crimes involving
    moral turpitude, not arising out of a single scheme of criminal
    misconduct, regardless of whether confined therefor and regard-
    less of whether the convictions were in a single trial, is deport-
    able.

At the hearing, the IJ held that Planes was removable on that ground, and also denied Planes's request for cancellation of removal in an exercise of discretion.

Planes appealed to the BIA. He argued that the IJ had erred in considering his conviction for the § 1029(a)(3) offense because he had not yet been resentenced,[4] and "thus it is not a final conviction that the IJ or BIA can review." Further, he argued that neither of his convictions constituted a crime involving moral turpitude. The BIA affirmed the IJ, holding that the two prior offenses under California Penal Code § 476a(a) and 18 U.S.C. § 1029(a)(3) were both categorically crimes involving moral turpitude, because "they are defined by reference to the intent to defraud." The BIA also held that the § 1029(a)(3) conviction constituted a "conviction" for immigration purposes, pursuant to § 1101(a)(48)(A), even though the district court was "entertaining arguments as to whether his sentence should be modified" due to *Booker*. Finally, the BIA affirmed the IJ's discretionary decision denying Planes's request for cancellation of removal, concluding that the IJ had thoroughly weighed both the positive and negative factors in Planes's history and reached an appropriate conclusion. Planes filed a timely petition for review in this court.

---

(iii) Aggravated felony. Any alien who is convicted of an aggravated felony at any time after admission is deportable.

Although the notice to appear also charged that Planes was removable as an aggravated felon under Section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), the government later abandoned this ground.

[4]The *Ameline* remand did not vacate Planes's sentence; Planes remains subject to his original sentence unless and until the district court vacates it. *See Ameline*, 409 F.3d at 1084.

## II

Planes argues that the BIA erred in concluding that he was removable under § 1227(a)(2)(A)(ii) because he was not "convicted of two or more crimes involving moral turpitude." First, he claims that his conviction under § 1029(a)(3) did not count for purposes of § 1227(a)(2)(A)(ii), because it was not yet final, and that it was therefore improper to attach any immigration consequences to the judgment of guilt. Second, he argues that violations of §§ 476a(a) and 1029(a)(3) are not categorically crimes involving moral turpitude and that the agency erred in treating them as such.

## A

We first turn to Planes's argument that he was not "convicted" for violating § 1029(a)(3) because the district court had not yet ruled on the sentencing issue after the *Ameline* remand, and because he was entitled to bring a further appeal after the district court did so.

**[1]** In order to address this argument, we must first interpret the definition of "conviction" set forth in the INA:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
>> (I) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>>
>>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

**[2]** Section 1101(a)(48)(A) provides two different definitions of "conviction" as indicated by the use of the disjunctive "or" between the first definition of "conviction" ("a formal judgment of guilt of the alien entered by a court") and the second definition ("*or*, if adjudication of guilt has been withheld," the circumstances described in subsections (I) and (ii)). Under the first definition, a "conviction" means that a court has entered "a formal judgment of guilt of the alien." As a general rule, and as a matter of logic, a defendant cannot appeal a conviction until after the entry of a judgment of guilt. *See, e.g.,* Fed. R. App. P. 4(b). Therefore, under this first definition, a "conviction" for purposes of § 1101(a)(48)(A) exists once the district court enters judgment, notwithstanding the availability of an appeal as of right.[5]

**[3]** Planes urges us to deviate from the plain language of the statute and hold that an alien does not stand "convicted" for immigration purposes until any direct appeals as of right have been waived or exhausted. In making this argument, Planes relies on case law predating the enactment of a statutory definition for "conviction" in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) which supports such a finality requirement. Before IIRIRA the Supreme Court indicated (in a two-sentence decision) that a conviction needs to attain "finality" in order "to support an order of deportation" under the INA. *Pino v. Landon*, 349 U.S. 901 (1955) (mem.). Interpreting *Pino*, we concluded that

---

[5]Under the second definition, where the court has not entered a formal judgment of guilt, but "adjudication of guilt has been withheld," an alien is subject to a "conviction" where the criteria set forth in subsections (i) and (ii) pertain. The subsection (i) criteria can be met in three ways: (1) a judge or jury finds the alien guilty; (2) the alien has entered a plea of guilty or nolo contendere; or (3) the alien has admitted facts that are sufficient "to warrant a finding of guilt." For an offense to meet the criteria in subsection (ii), the judge must impose some punishment, penalty or restraint on liberty on the alien.

a criminal conviction may not be considered by the immigra-
tion authorities until any appeals as a matter of right have
been exhausted. *Morales-Alvarado v. INS*, 655 F.2d 172, 175
(9th Cir. 1981); *accord Grageda v. INS*, 12 F.3d 919, 921 (9th
Cir. 1993); *Hernandez-Almanza v. INS*, 547 F.2d 100, 103
(9th Cir. 1976). These cases are not applicable to our interpre-
tation of § 1101(a)(48)(A), however, because they were
decided before the enactment of this statutory definition of
"conviction" which supplants our prior judicially-created
standards. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 736
(discussing Congress's authority to alter the interpretation of
federal statutes by passing new legislation). We are bound by
the subsequently enacted statute. *See Metoyer v. Chassman*,
504 F.3d 919, 932-33 (9th Cir. 2007).

Planes also urges that a plain-language interpretation of
§ 1101(a)(48)(A) would lead to unfair results because an alien
could be "convicted" and removed from the United States
even when an appeal as of right was pending. He asserts that
if the alien obtained appellate relief outside of the ninety-day
period for filing a motion to reopen, 8 C.F.R. § 1003.2(c)(2),
or if the petitioner were number-barred from filing a motion
to reopen, *see id.*, the BIA would lack jurisdiction over such
a motion and therefore could not provide any relief, *see id.*
§ 1003.2(c)(2), (d).

This argument also fails. Regardless of our view on the
wisdom or efficacy of Congress's policy choices, we are not
free to read in additional elements where the legislature has
declined to include them. *Jones v. Bock*, 549 U.S. 199, 216-17
(2007). "No mere omission, no mere failure to provide for
contingencies, which it may seem wise to have specifically
provided for, justify any judicial addition to the language of
the statute." *United States v. Goldenberg*, 168 U.S. 95, 103
(1897). We also note that at least some avenues of relief
would remain open to an alien who was removed with an
appeal pending. For example, an alien's departure from the
United States while in removal proceedings does not itself

preclude the alien from filing a motion to reopen if the alien subsequently obtains reversal or vacatur of a conviction that formed a key part of the basis of the alien's removability. *E.g.*, *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1106-07 (9th Cir. 2006); *see also Reyes-Torres v. Holder*, ___ F.3d ___, 2011 WL 1312570, at *2-3 (9th Cir. Apr. 7, 2011); *Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010). Further, an alien who is time- and number-barred from obtaining consideration of a motion to reopen as a matter of right may petition the Board to reopen his or her case sua sponte. *See* 8 C.F.R. § 1003.2(a); *cf. In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378, 1380 (BIA 2000) (concluding that a conviction vacated on the merits cannot form the basis for an alien's removal). The Board regularly grants such requests when the alien's underlying conviction has been vacated due to a substantive or procedural defect in the original criminal proceedings, concluding that such a change in the facts constitutes "exceptional circumstances" justifying further review of the alien's case.[6]

**[4]** Accordingly, we conclude that the first definition of "conviction" in § 1101(a)(48)(A) requires only that the trial court enter a formal judgment of guilt, without any requirement that all direct appeals be exhausted or waived. In reaching this conclusion, we join the well-reasoned opinions of the Second, Fifth, Seventh, and Tenth Circuits. *See Puello v. Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324,

---

[6]*See, e.g., In re Salama*, 2010 WL 5559194 (BIA Dec. 17, 2010) (unpublished); *In re Nunez*, 2010 WL 4500860 (BIA Oct. 28, 2010) (unpublished); *In re Murillo-Sandoval*, 2010 WL 1976023 (BIA Apr. 26, 2010) (unpublished); *In re Bodie*, 2009 WL 2218137 (BIA July 15, 2009) (unpublished); *In re Pimentel*, 2009 WL 1488354 (BIA Apr. 30, 2009) (unpublished); *In re Caro-Bracamontes*, 2008 WL 278 2975 (BIA June 19, 2008) (unpublished); *In re Singla*, 2007 WL 1724843 (BIA May 23, 2007) (unpublished); *In re Sorokin*, 2007 WL 1520791 (BIA May 11, 2007) (unpublished); *In re Ibarra Casarez*, 2006 WL 3922304 (BIA Dec. 26, 2006) (unpublished); *In re Aoun*, 2006 WL 3203674 (BIA Aug. 28, 2006) (unpublished).

332 (2d Cir. 2007) ("IIRIRA did, however, eliminate the requirement that all direct appeals be exhausted or waived before a conviction is considered final under the statute."); *Moosa v. INS*, 171 F.3d 994, 1009 (5th Cir. 1999) (concluding that there is nothing in the text or legislative history of § 1101(a)(48)(A) "that the finality requirement imposed by *Pino*, and this court, prior to 1996, survives the new definition of 'conviction' "); *Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004) (per curiam) (relying on plain language of § 1101(a)(48)(A) to dismiss alien's contention that he was unlawfully ordered removed while he still had direct appeals pending); *United States v. Saenz-Gomez*, 472 F.3d 791, 794 (10th Cir. 2007) (rejecting suggestion that the court should engraft a finality requirement onto the plain text of the statute and holding that a state court's entry of a judgment and sentence constituted a "conviction" allowing alien to be lawfully deported nine days after its entry by the state court); *see also Griffiths v. INS*, 243 F.3d 45, 50-51 (1st Cir. 2001) (observing that finality is not required under the deferred-adjudication portion of § 1101(a)(48)(A)).[7]

**[5]** In light of our interpretation of the statute, we conclude that Planes has sustained a "conviction" for the § 1029(a)(3) offense. There is no dispute that the district court entered a formal judgment of guilt with respect to Planes's conviction under § 1029(a)(3). Our *Ameline* remand to the district court did not, and could not, have any effect on the conviction itself. Nor did the remand vacate Planes's sentence; rather it merely directed the district court judge to consider whether the sentence imposed would or would not "have differed materially had he been aware that the Guidelines were adviso-

---

[7]In a post-IIRIRA opinion, the Sixth Circuit retained its exhaustion-or-waiver requirement but did so without analyzing the effect or import of § 1101(a)(48)(A). *See United States v. Garcia-Echaverria*, 374 F.3d 440, 445 (6th Cir. 2004) ("To support an order of deportation, a conviction must be final. Finality requires the defendant to have exhausted or waived his rights to direct appeal." (citation omitted)).

ry." *Ameline*, 409 F.3d at 1085. Therefore, the BIA did not err in concluding that Planes stood convicted under § 1029(a)(3) notwithstanding the potential that his sentence could be modified by the district court on remand.**⁸** Nor does Planes's right under *Ameline* to appeal the district court's sentencing decision affect our conclusion that he was convicted of violating § 1029(a)(3) for immigration purposes.

## B

**[6]** We next consider Planes's argument that violations of §§ 476a(a) and 1029(a)(3) are not categorically crimes involving moral turpitude, and therefore the BIA erred in finding him removable under § 1227(a)(2)(A)(ii). In making this argument, Planes relies on a special concurrence to our en banc decision in *Navarro-Lopez v. Gonzales*, 503 F.3d 1063 (9th Cir. 2007) (en banc), which asserted that "[c]rimes involving fraud are not a per se category of crimes involving moral turpitude" and that "[c]rimes 'involving fraud' encompasses such a broad category of possible offenses, that it is not proper simply to label all such crimes morally turpitudinous." *Id.* at 1069 (Pregerson, J., specially concurring); Planes's reliance is mistaken, because this concurrence represented the views of only one judge. The controlling opinion expressly rejected this position, holding instead that fraud crimes are categorically crimes involving moral turpitude, simply by virtue of their fraudulent nature. *Id.* at 1074 (opinion of Reinhardt, J.) (noting that this "clearly established rule" has existed "since at least 1951"). Accordingly, nothing in *Navarro-Lopez* disturbs the longstanding rule that crimes that

---

**⁸**Planes also argues that because his sentence was subject to review and possible adjustment in light of *Booker*, the judge had not yet "ordered some form of punishment, penalty, or restraint on [his] liberty to be imposed" pursuant to § 1101(a)(48)(A)(ii). This argument is meritless because the requirement in subsection (ii) that "some form of punishment, penalty, or restraint on the alien's liberty" be imposed is applicable only to the second definition of "conviction," that is, those situations where "adjudication of guilt has been withheld."

have fraud as an element, such as Planes's convictions at issue here, are categorically crimes involving moral turpitude.

**[7]** Accordingly, we conclude that the BIA did not err in determining that Planes was convicted of two crimes involving moral turpitude.

C

The government asserts that if the BIA made no legal error on the issues raised by Planes, we lack jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(2)(C). We agree. Section 1252(a)(2)(C) provides:

> [E]xcept as provided in [§ 1252(a)(2)(D)], no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed . . . any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(I) of this title.

8 U.S.C. § 1252(a)(2)(C).

**[8]** Section 1252(a)(2)(C) deprives federal courts of the authority to review any final order of removal against an alien who is removable by reason of having committed an offense that meets the specified criteria. It allows judicial review only for the legal and constitutional questions preserved by § 1252(a)(2)(D). An offense meets the criteria specified in § 1252(a)(2)(C) in the following circumstances. First, the alien must be removable by reason of having committed an "offense covered by § 1227(a)(2)(A)(ii)." Section 1227(a)(2)(A)(ii) refers to a conviction of "two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct."

**[9]** Second, the two predicate offenses for § 1227(a)(2)(A)(ii) must be "otherwise covered by section 1227(a)(2)(A)(I)," without regard to their date of commission. Section 1227(a)(2)(A)(I) provides that an alien who:

> (I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and

> (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.

§ 1227(a)(2)(A)(I).

Because § 1252(a)(2)(C) directs us to ignore the language in § 1227(a)(2)(A)(i)(I) which states that the crime must be committed within a specified time after the date of admission, this second criteria applies to offenses that are crimes involving moral turpitude "for which a sentence of one year or longer may be imposed."

**[10]** Reading these sections together, under § 1252(a)(2)(C), we lack jurisdiction (except for our jurisdiction over legal questions and constitutional claims) to review any final order of removal against an alien who is removable by reason of: (1) being convicted (at any time after admission) of two or more crimes involving moral turpitude; (2) that did not arise out of a common criminal scheme; (3) and for each of which a sentence of one year or longer in prison may be imposed.

**[11]** In this case, Planes was convicted for two or more crimes involving moral turpitude. The IJ's conclusion that the convictions did not arise out of a common criminal scheme is supported by substantial evidence, and Planes does not argue otherwise. Finally, a sentence of a year or more in prison may

be imposed for each offense. A person convicted of violating § 476a(a) may be punished "by imprisonment in a county jail for *not more than one year*." *Id.* (emphasis added). Accordingly, a person convicted under § 476a(a) may be sentenced to imprisonment of exactly (though not more than) one year, which satisfies the requirement of § 1227(a)(2)(A)(i)(II). Section 1029(a)(3) provides for punishment in conformity with § 1029(c), which states that one convicted under paragraph (a)(3) may be sentenced to, inter alia, "imprisonment for not more than 10 years." 18 U.S.C. § 1029(a)(3), (c)(1)(A)(I). This, too, satisfies the stricture of § 1227(a)(2)(A)(i)(II). Having completed our review of Planes's legal claims with respect to whether his § 1029(a)(3) offense meets the definition of "conviction" in § 1101(a)(48)(A), we lack jurisdiction to review his final order of removal.

## III

**[12]** Planes also challenges the BIA's discretionary denial of his request for cancellation of removal on the ground that the BIA made a legal error in considering his conviction for the § 1029(a)(3) offense when our remand order was still pending before the district court, and in deeming his two convictions to be crimes involving moral turpitude. As explained above, those arguments fail. Because Planes has not raised a colorable legal or constitutional challenge to the BIA's discretionary denial of his application for cancellation of removal, we also lack jurisdiction to review that decision. *See* § 1252(a)(2)(B), (D); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam).

**DISMISSED.**