**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASUYUKI NAGAO, a.k.a. Robert Yasuyuri Nagao, a.k.a. Robert Yasuyuvi, a.k.a. Yasuyuvi Robert Nagao,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 07-71331<br><br>Agency No. A030-322-273<br><br>MEMORANDUM[*] |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Yasuyuki Nagao, a native and citizen of Japan, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Unuakhaulu v. Gonzales*, 416 F.3d 931, 937 (9th Cir. 2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the order of removal against Nagao because he was found removable under 8 U.S.C. § 1227(a)(2)(A)(ii) and his convictions involved crimes for which a sentence of at least one year may be imposed.  *See* 8 U.S.C. § 1252(a)(2)(C); *Planes v. Holder*, 652 F.3d 991, 998-99 (9th Cir. 2011).

Substantial evidence supports the agency's denial of asylum, withholding of removal, and relief under the Convention Against Torture because the evidence in the record does not "compel a different conclusion from the one reached by the BIA."  *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

We lack jurisdiction to consider Nagao's contention that the BIA violated his right to due process by summarily affirming the IJ's decision because this is not a colorable claim.  *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007).  We lack jurisdiction to consider Nagao's contention that the IJ violated his due process right to a full and fair hearing because he did not exhaust this claim before the BIA.  *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

07-71331