**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ADALBERTO ARIAS JOVEL, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 10-72105 <br> 10-73444 <br><br> Agency No. A092-142-072 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted December 19, 2012**

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated petitions for review, Jose Adalberto Arias Jovel, a

native and citizen of El Salvador, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for cancellation of removal, and denying his

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part, and deny in part, the petitions for review.

We lack jurisdiction to consider Arias Jovel's challenge to the discretionary denial of his application for cancellation of removal. *See Mendez-Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir. 2009). The agency did not err in admitting evidence regarding Arias Jovel's criminal history. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (the sole test for admission of evidence in immigration proceedings is whether the evidence is probative and its admission is fundamentally fair). Arias Jovel's contention that the BIA's analysis was inadequate also fails. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (*Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

The BIA did not abuse its discretion in denying Arias Jovel's motion to reopen on the ground that he failed to establish his conviction as no longer valid for immigration purposes. *Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011) (a conviction is "final" for immigration purposes where a judgment of guilt has been entered and a punishment imposed, even where a direct appeal or collateral attack is pending). We lack jurisdiction to consider Arias Jovel's contention that the plea

to his underlying criminal conviction was vacated because he failed to raise this issue before the BIA and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITIONS FOR REVIEW DISMISSED in part; DENIED in part.**