**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JAN 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEOPOLDO E. SELVA, | No. 11-73769 |
| Petitioner, | Agency No. A072-263-787 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Leopoldo E. Selva, a native and citizen of Nicaragua, petitions pro se for

review of the Board of Immigration Appeals' orders dismissing his appeals from

an immigration judge's decisions denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretermitting his applications for cancellation of removal and adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's denial of withholding of removal because the record does not compel the conclusion that it is more likely than not Selva will suffer future persecution on account of a protected ground. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010) (no likelihood of future persecution where the petitioner "presented no evidence indicating that the current administration [in Nicaragua] persecutes . . . family members of those who opposed the Sandinistas more than twenty years ago"); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (upholding the denial of withholding of removal where the possibility of future persecution was speculative).

Substantial evidence also supports the agency's denial of relief under the CAT because Selva failed to establish it is more likely than not he will be tortured if returned to Nicaragua. *See Robleto-Pastora*, 591 F.3d at 1058.

The agency correctly determined that Selva is statutorily ineligible for cancellation of removal because his two convictions under California Penal Code § 422 are for crimes involving moral turpitude. *See* 8 U.S.C.

2

§§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C); *Latter-Singh v. Holder,* 668 F.3d 1156, 1163 (9th Cir. 2012) (a conviction under California Penal Code § 422 is categorically a crime involving moral turpitude). Selva has not established that these two convictions are invalid or not final for immigration purposes. *See Planes v. Holder*, 652 F.3d 991, 994-97 (9th Cir. 2011).

In his opening brief, Selva fails to raise, and therefore has waived, any challenge to the agency's dispositive determinations that his asylum application was time-barred and that his application to adjust his status was deficient. *See Rizk v. Holder,* 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

Selva's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**