**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDIO ALBERTO GUTIERREZ, | No. 11-73629 |
| Petitioner, | Agency No. A089-430-072 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Claudio Alberto Gutierrez, a native and citizen of Argentina, petitions pro se

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's decision denying Gutierrez's application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  *See*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Planes v. Holder*, 652 F.3d 991, 999 (9th Cir. 2011). We review de novo questions of law, *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1158-59 (9th Cir. 2009), and review for substantial evidence continuous-residence determinations, *see Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Gutierrez is removable under 8 U.S.C. § 1227(a)(2)(A)(ii) due to his convictions for violating sections 484 and 666 of the California Penal Code, because the petty-theft offenses underlying his convictions categorically constitute two crimes involving moral turpitude that did not arise out of the same scheme of criminal misconduct. *See Castillo-Cruz*, 581 F.3d at 1160 (observing that petty theft under California law is categorically a crime involving moral turpitude). The validity of these convictions is not properly before us. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Substantial evidence supports the BIA's determination that Gutierrez cannot demonstrate the 7-year period of continuous residence required for cancellation of removal because the commission of his first removable offense of petty theft

terminated his accrual of continuous residence before seven years had elapsed. *See* 8 U.S.C. § 1229b(a)(2).

We lack jurisdiction to consider Gutierrez's request for release from immigration custody on the condition of bond because he did not exhaust his administrative remedies with respect to this request. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**