**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVON ANTHONY BENNETT, a.k.a Anthony Bennett, a.k.a. Devon Bennett, | No. 11-73442 |
| Petitioner, | Agency No. A027-873-876 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Devon Anthony Bennett, a native and citizen of Jamaica, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order denying his applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of

law, and review for substantial evidence the agency's factual findings. *Wakkary v.*

*Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part

the petition for review.

Bennett's 2009 conviction for transportation of marijuana under California

Health and Safety Code § 11360(a) renders him removable under 8 U.S.C.

§ 1227(a)(2)(B)(i) as an alien convicted of a law relating to a controlled substance.

*See Pagayon v. Holder*, 675 F.3d 1182, 1189-90 (9th Cir. 2011) (petitioner's

"pleading stage" admission that his conviction involved [marijuana] is sufficient to

establish his removability). Bennett's 2009 conviction is final for immigration

purposes. *Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011). We need not

address the remaining ground of removability.

Bennett's contention that the IJ violated due process by conducting

proceedings without his original alien file fails because he has not established

prejudice. Bennett's assertion that the original file likely contains evidence

refuting the existence of a 2005 entry visa, and proving the existence of an S visa

and various arrangements related to the Federal Bureau of Investigation ("FBI"), is

not supported by any independent evidence of the alleged S visa or the FBI

arrangements. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

We lack jurisdiction to review whether the BIA abused its discretion in making its particularly serious crime determination, and Bennett has not raised any colorable constitutional or legal challenges to the determination that his 2000 conviction constitutes a particularly serious crime. 8 U.S.C. § 1252(a)(2)(D); *Pechenkov v. Holder*, No. 08-73287, 2012 WL 5995430, at *3-4 (9th Cir. Dec. 3, 2012) (our jurisdiction is limited to colorable constitutional claims and legal questions).

Substantial evidence supports the agency's determination that Bennett failed to establish that it is more likely than not that he would be tortured if he were returned to Jamaica. *See Wakkary*, 558 F.3d at 1067-68; *Pechenkov*, 2012 WL 5995430, at *3-4 (we retain jurisdiction over challenges to a CAT determination where the agency denies relief on the merits).

We lack jurisdiction to consider Bennett's remaining contentions because he failed to raise these issues before the BIA and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Bennett's second motion for a stay of removal pending review is denied.

*See Nken v. Holder*, 556 U.S. 418, 426 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.