**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMELIUS A. RAMIRO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72815<br><br>Agency No. A044-812-698<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Romelius A. Ramiro, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.   We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law and claims of due process violations.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Pagayon v. Holder*, 675 F.3d 1182, 1189, 1191 (9th Cir. 2011) (per curiam). We deny the petition for review.

Ramiro does not dispute that he was convicted of distributing methamphetamine in violation of 21 U.S.C. §§ 860(a), 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, and has not established that this conviction is invalid or not final for immigration purposes. *See Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011) (a conviction is final for immigration purposes where a judgment of guilt has been entered and a punishment imposed, even where a direct appeal or collateral attack is pending). Accordingly, the agency properly determined that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony based on illicit trafficking in a controlled substance) and 8 U.S.C. § 1227(a)(2)(B)(i) (controlled substance violation).

It follows that the agency did not commit legal error or deny Ramiro due process in denying his motion to terminate removal proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The agency properly denied Ramiro's request for continuance for failure to show good cause. *See* 8 C.F.R. § 1003.29; *Malilia v. Holder*, 632 F.3d 598, 604 (9th Cir. 2011).

We deny Ramiro's motion to hold his case in abeyance pending the results of his appeal of the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.

Ramiro's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**