**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAEK SANG YOON, a.k.a. Samuel S. Yoon, a.k.a. Teak Sang Yoon, a.k.a. Teak Sang Yoonn, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73367 <br><br> Agency No. A042-589-267 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Taek Sang Yoon, a native and citizen of Korea, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252.  We review de novo questions of law.  *Delgado-Hernandez v. Holder*, 697

F.3d 1125, 1126 (9th Cir. 2012) (per curiam).  We deny in part and dismiss in part

the petition for review.

Yoon's 1999 conviction for kidnapping under California Penal Code

§ 207(a) for which he was sentenced to 15 years imprisonment is categorically an

aggravated felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) that renders

him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).  *See id.* at 1133 ("[A]n

ordinary kidnapping under [California Penal Code] § 207(a) is a crime of violence

because it results in a substantial risk of force."); *see also Pagayon v. Holder*, 675

F.3d 1182, 1189 (9th Cir. 2011) (per curiam) (holding that a petitioner's

pleading-stage admissions and concessions may be sufficient to establish

removability).  This 1999 conviction is final for immigration purposes.  *See Planes*

*v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011).

In light of our disposition, we need not reach Yoon's contentions regarding

his additional conviction and the remaining grounds of removability.

Although Yoon raises numerous due process contentions regarding his

removal proceedings, he fails to establish a due process error or prejudice.  *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding petitioner must

demonstrate error and prejudice to prevail on a due process claim).

11-73367

To the extent Yoon seeks review of the agency's denial of bond, we lack jurisdiction to review this decision. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d).

We lack jurisdiction to consider Yoon's contention regarding the threats of harm from Korean gangsters if he were to return to Korea because he failed to raise this issue before the BIA and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**