**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS MARTINEZ-VEDOY, | No. 12-73105 |
| Petitioner, | Agency No. A092-251-384 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Nicolas Martinez-Vedoy, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's removal order because Martinez-Vedoy is removable for an aggravated felony crime of violence based on his conviction for first-degree residential burglary in violation of California Penal Code § 459. *See* 8 U.S.C. § 1252(a)(2)(C); *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1112 (9th Cir. 2011) (first-degree residential burglary under California Penal Code § 459 constitutes a crime of violence that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). This conviction is final for immigration purposes, and the validity of this conviction is not properly before us. *See Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011); *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."). Martinez-Vedoy does not raise a colorable constitutional claim or legal question that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

We lack jurisdiction to consider Martinez-Vedoy's remaining contentions because he failed to raise them before the BIA, and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED.**

2                                                                                          12-73105