**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2108**
_____

SAID HMAMOUCH,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

**No. 13-2392**
_____

SAID HMAMOUCH,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petitions for Review of Orders of the Board of Immigration Appeals.

_____

Submitted:  April 17, 2014      Decided:  April 22, 2014

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Petitions dismissed by unpublished per curiam opinion.

Said Hmamouch, Petitioner Pro Se.  Ada Elsie Bosque, Yamileth G. Davila, Nicole N. Murley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Said Hmamouch, a native and citizen of Morocco, seeks review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision finding him ineligible for asylum and withholding of removal and denying his application for deferral of removal under the Convention Against Torture (No. 13-2108) and the Board's subsequent order denying his motion to reconsider (No. 13-2391). For the reasons discussed below, we dismiss the petitions for review.

Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2012), to review the final order of removal of an alien who is removable for having been convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, for each of which a sentence of a year or longer may be imposed. See Planes v. Holder, 652 F.3d 991, 998 (9th Cir. 2011). Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Hmamouch] [i]s an alien and whether []he has been convicted of [qualifying crimes involving moral turpitude]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we

3

can only consider "constitutional claims or questions of law." § 1252(a)(2)(D); see Turkson v. Holder, 667 F.3d 523, 527 (4th Cir. 2012).

Our review of the record reveals that Hmamouch has conceded that he is a native and citizen of Morocco and that he has been convicted of two or more crimes involving moral turpitude. Because these crimes clearly did not arise out of a common criminal scheme and they each carried a potential sentence of more than one year, we find that § 1252(a)(2)(C) divests us of jurisdiction.* We therefore grant the Attorney General's pending motion to dismiss the petition for review in No. 13-2108 and dismiss both petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DISMISSED

---

\* Hmamouch does not raise any colorable constitutional issues or questions of law that would fall within the exception set forth in § 1252(a)(2)(D). Although his challenge to the agency's determination that his conviction for unlawful wounding constituted a crime of violence would typically be a question of law over which we would retain jurisdiction pursuant to § 1252(a)(2)(D), we lack jurisdiction on the ground that Hmamouch failed to exhaust his administrative remedies before the Board. See 8 U.S.C. § 1252(d)(1) (2012); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008).

4