**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL SANTOYO-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73938 <br><br> Agency No. A092-783-335 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Rafael Santoyo-Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal and ordering him removed. Our jurisdiction is governed by

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Santoyo-Garcia's conviction under Cal. Health & Safety Code § 11377(a), for possession of methamphetamine, constitutes a controlled substance violation that renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1036, 1041 (9th Cir. 2017) (en banc) (holding that a similar California controlled substance statute is divisible with respect to the listed substances); *Coronado*, 759 F.3d at 984-86 (holding that a § 11377(a) conviction for possession of methamphetamine was a controlled substance violation under the modified categorical approach).

We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion, where Santoyo-Garcia does not raise a colorable legal or constitutional claim that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Planes v. Holder*, 652 F.3d 991, 999 (9th Cir. 2011) (dismissing petition challenging discretionary denial of cancellation of removal for failure to raise a colorable legal or constitutional challenge).

We deny Santoyo-Garcia's motions for appointment of counsel (Docket Entry Nos. 25 & 26).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

14-73938