**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR SANTIBANEZ-ALLOCER, | No. 17-70359 |
| Petitioner, | Agency No. A205-405-752 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Julio Cesar Santibanez-Allocer, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his request for a continuance,

and denying his application for cancellation of removal. Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying for lack of good cause Santibanez-Allocer's request for a continuance. *See* 8 C.F.R. § 1003.29, *Ahmed*, 569 F.3d at 1012 (listing factors to consider); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

In the absence of legal or constitutional error, we lack jurisdiction to review the agency's discretionary determination that Santibanez-Allocer lacked good moral character under 8 U.S.C. § 1101(f). *See Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005) (good moral character determination only reviewable if it is based on a per se exclusion category listed in 8 U.S.C. § 1101(f)(1)-(9)), *overruled on other grounds by Sanchez v. Holder*, 560 F.3d 1028 (9th Cir. 2009). Santibanez-Allocer has provided no support for his contention that the agency erred in considering his DUI history in its discretionary good moral character analysis, and he failed to show a legal or constitutional error that would give rise to our jurisdiction. *See Planes v. Holder*, 652 F.3d 991, 999 (9th Cir. 2011) (dismissing

petition challenging discretionary denial of cancellation where petitioner failed to raise a colorable legal or constitutional challenge to the agency's discretionary decision).

Because the discretionary good moral character determination is dispositive, we do not reach Santibanez-Allocer's contention regarding the IJ's per se good moral character determination under 8 U.S.C. § 1101(f)(7). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**