**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOVANNI HERRERA, | No.   16-71333 |
| Petitioner, | Agency No. A088-360-238 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Yovanni Herrera, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision finding him ineligible for cancellation of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Herrera's unexhausted contention that the Arizona Superior Court effectively deferred entry of judgment. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

The agency did not err in concluding that Herrera's conviction for possession of marijuana under Arizona Revised Statutes §§ 13-3401, 13-3405, 13-3418, 13-604, 13-707, 13-802, 13-901.01 is a conviction for immigration purposes, where the Arizona Superior Court entered a formal judgment of guilt. *See* 8 U.S.C. § 1101(a)(48)(A); *Planes v. Holder*, 652 F.3d 991, 995 (9th Cir. 2011) ("Section 1101(a)(48)(A) provides two different definitions of 'conviction' . . . Under the first definition, a 'conviction' means that a court has entered 'a formal judgment of guilt of the alien'.")

Accordingly, we do not reach Herrera's contentions regarding the nature of his sentence. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**