

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL AVENDANO-SILVA; YESICA VILLANUEVA-MARTINEZ, | No.   15-70856 |
| Petitioners, | Agency Nos. A200-864-979<br>A200-864-986 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Petitioners Daniel Avendano-Silva and Yesica Villanueva-Martinez seek

review of the Board of Immigration Appeals' (BIA) final order of removal.  We

have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

After presenting fake permanent resident cards in the course of applying for passports for their three children, the petitioners were convicted of three counts under 18 U.S.C. § 1542, which criminalizes making false statements in support of a passport application. The government initiated removal proceedings, and the petitioners sought cancellation of removal, but both the Immigration Judge and the BIA denied them that relief after concluding that violations of 18 U.S.C. § 1542 qualified as crimes of moral turpitude and therefore rendered the petitioners ineligible for cancellation.[1]

We have previously indicated that the crime of making a false statement in a passport application is a crime of moral turpitude. *See Bisaillon v. Hogan*, 257 F.2d 435, 437–38 (9th Cir. 1958). That decision, however, pre-dated the Supreme Court's delineation of the categorical and modified categorical approaches in *Taylor v. United States*, 495 U.S. 575, 599–602 (1990) and subsequent cases. We have since explained that "[t]o determine whether a conviction is for a crime involving moral turpitude, we apply the categorical and modified categorical approaches established by the Supreme Court." *Tall v. Mukasey*, 517 F.3d 1115,

_____

[1] Because the parties are familiar with the underlying facts of this case, we recount them only briefly here.

1119 (9th Cir. 2008) (quoting *Navarro–Lopez v. Gonzales*, 503 F.3d 1063, 1067 (9th Cir. 2007) (en banc)).

Applying the categorical approach here, we agree that a conviction under 18 U.S.C. § 1542 constitutes a crime of moral turpitude. The elements of the crime of making a false statement in a passport application plainly include fraud—e.g., making the false statement knowingly and willingly for the purpose of inducing the government to rely on it and issue a passport. *See* 18 U.S.C. § 1542. And crimes that involve fraud categorically qualify as crimes of moral turpitude. *See Linares-Gonzalez v. Lynch*, 823 F.3d 508, 514 (9th Cir. 2016) ("[F]raud crimes are categorically crimes involving moral turpitude, simply by virtue of their fraudulent nature." (quoting *Planes v. Holder*, 652 F.3d 991, 997 (9th Cir. 2011))).

Accordingly, the petitioners are barred from seeking cancellation of removal because they have been convicted of a crime of moral turpitude. 8 U.S.C. § 1229b(b)(1)(c).

**PETITION DENIED**.