NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO RUIZ MENDEZ, | No. 14-72747 |
| Petitioner, | Agency No. A206-516-494 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Marco Antonio Ruiz Mendez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision finding him removable and

denying his application for cancellation of removal. Our jurisdiction is governed

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Ruiz Mendez failed to establish that his offense under California Health & Safety Code ("CHSC") § 11377(a) was not a controlled substance violation that renders him removable and ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1227(a)(2)(B)(i), 1229b(b)(1)(C); *Coronado*, 759 F.3d at 984-86 (holding that CHSC § 11377(a) is divisible and subject to the modified categorical approach, and relying on the minute order and complaint to conclude the conviction was for possession of methamphetamine and thus a violation of a law relating to a controlled substance); *see also Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief). To the extent Ruiz Mendez contends that the agency erred in pretermitting his application for cancellation of removal because he was seeking post-conviction relief, his contention fails because the conviction was final for immigration purposes. *See Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011) (conviction is final for immigration purposes where a judgment of guilt has been entered and a punishment imposed, even where an appeal or collateral attack is pending).

We do not address Ruiz Mendez's contentions as to whether he satisfied the continuous physical presence and exceptional and extremely unusual hardship requirements for cancellation of removal because the BIA did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)). Thus, Ruiz Mendez's cancellation of removal claim fails.

We lack jurisdiction to consider Ruiz Mendez's contentions that the IJ committed procedural errors by failing to adequately develop the record as to his A file and alienage. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

Ruiz Mendez's derivative citizenship claim fails because he does not point to any evidence showing that he satisfies the statutory requirements for derivative citizenship. *See* 8 U.S.C. § 1431(a)(3) (requiring that the child resides in the United States "pursuant to a lawful admission for permanent residence").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**