**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARK DEVON SMART, a.k.a. Mark Smart,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-70051<br><br>Agency No. A034-347-072<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Mark Smart, a native and citizen of Belize, petitions pro se for review of a

decision by the Board of Immigration Appeals ("BIA"). Smart raises the same

arguments before this Court that he raised before the BIA. The BIA upheld the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ruling that Smart's conviction for possession of marijuana for sale, in violation of California Health and Safety Code § 11359, constituted a drug trafficking crime and therefore was an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA also rejected Smart's due process claim. To the extent Smart challenges these holdings, we have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011); *see also Kin v. Holder*, 595 F.3d 1050 (9th Cir. 2010); *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008). However, to the extent Smart raises other issues, we do not have jurisdiction to consider them. 8 U.S.C. § 1252(a)(2)(C).

Where, as here, the BIA writes its own decision and does not adopt the immigration judge's decision, we review the BIA's decision only. *See Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). We review de novo the BIA's conclusions regarding questions of law, including due process claims and the question of whether an offense qualifies as an aggravated felony. *Kwong*, 671 F.3d at 876; *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

Smart contends that he was not convicted of an aggravated felony. We reject this contention. Smart's attempt to vacate his conviction for possession of marijuana for sale, in violation of California Health and Safety Code § 11359, was

unsuccessful and he therefore has a conviction for purposes of determining whether he was convicted of an aggravated felony. *See* 8 U.S.C. § 1101(a)(48)(A)(i); *Planes v. Holder*, 652 F.3d 991, 995-97 (9th Cir. 2011). A state offense qualifies as an aggravated felony if it proscribes conduct that would be punishable as a felony under the Controlled Substances Act. *Lopez v. Gonzales*, 549 U.S. 47, 55-60 (2006). A violation of California Health and Safety Code § 11359 would be punishable as a felony under 21 U.S.C. § 841(a)(1) and (b)(1)(D). *See United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1096 (9th Cir. 2007) (recognizing that California's possession for sale statute closely mirrors the federal statute that criminalizes possession with intent to distribute); *compare United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003) (holding that the elements of possession with intent to distribute under § 841(a)(1) are: (1) knowingly possessing a controlled substance; (2) with intent to deliver it to another person) *with People v. Harris*, 83 Cal. App. 4th 371, 374 (2000) (holding that unlawful possession of marijuana for sale requires proof that the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character).

Contrary to Smart's contentions, his offense is not comparable to the misdemeanor provisions set forth in 21 U.S.C. § 841(b)(4). By its plain language,

§ 841(b)(4) applies only to distribution of marijuana, *see* 21 U.S.C. § 841(b)(4), and section 11359 does not prohibit the distribution of marijuana, *see* California Health and Safety Code § 11359.  We therefore hold that Smart was convicted of an aggravated felony.

We also reject Smart's due process challenge.  Smart was not prevented from reasonably presenting his case.  *See Ibarra-Flores*, 439 F.3d at 620.  Moreover, it was not a denial of due process for the agency to rely on the rebuttable presumption that a drug trafficking offense is a particularly serious crime.  *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949-50 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED**.