**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRACIELA HERNANDEZ DE MARTINEZ, AKA Graciela Hernandez Martinez,<br>*Petitioner*,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br>*Respondent*. | No. 11-72401<br><br>Agency No.<br>A201-157-132<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2014[*]
Phoenix, Arizona

Filed October 24, 2014

Before: Dorothy W. Nelson, Barry G. Silverman,
and Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied Graciela Hernandez de Martinez's petition for review of the Board of Immigration Appeals' decision finding her statutorily ineligible for cancellation of removal because her criminal impersonation conviction constitutes a categorical crime involving moral turpitude.

The panel held that petitioner's conviction for criminal impersonation by assuming a false identity with intent to defraud, in violation of Arizona Revised Statutes § 13-2006(A)(1), is categorically a crime involving moral turpitude, because the statute explicitly requires proof of fraudulent intent.

### COUNSEL

Hugo F. Larios, Tempe, Arizona, for Petitioner.

Karen L. Melnik, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C. for Respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Graciela Hernandez de Martinez, a native and citizen of Mexico, petitions for review of a final order of removal. The Board of Immigration Appeals held that petitioner is statutorily ineligible for cancellation of removal because her conviction for criminal impersonation in violation of Arizona Revised Statutes § 13-2006(A)(1) is categorically a crime involving moral turpitude. We agree because the statute explicitly requires proof of fraudulent intent.

Petitioner, a native and citizen of Mexico, entered the United States in 1999 without being admitted or paroled. On March 18, 2011, petitioner pled guilty to and was convicted of criminal impersonation in violation of A.R.S. § 13-2006(A)(1). The statute reads as follows: "A person commits criminal impersonation by . . . [a]ssuming a false identity with the intent to defraud another." Criminal impersonation is a Class 6 felony. Petitioner was sentenced to one year of probation.

The subsequent notice to appear in immigration proceedings alleged that petitioner was removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled, and pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having committed a crime involving moral turpitude. Petitioner admitted that she was removable for having entered without inspection, but denied having been convicted of a crime involving moral turpitude. Such a conviction is not only another ground for removal, 8 U.S.C. § 1182(a)(2)(A)(i)(I), but renders an alien ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(C).

Affirming the immigration judge, the Board held that petitioner was ineligible for cancellation of removal, ruling that criminal impersonation is categorically a crime involving moral turpitude because A.R.S. § 13-2006(A)(1) explicitly requires proof of "intent to defraud."

Although 8 U.S.C. § 1252(a)(2)(C) generally deprives courts of jurisdiction to review final orders of removal against aliens convicted of various offenses, we retain jurisdiction to consider the purely legal question of whether petitioner's conviction involves moral turpitude. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc); 8 U.S.C. § 1252(a)(2)(D).

Petitioner argues that her conviction does not categorically involve moral turpitude because she used a false Social Security number only to obtain employment, not for anything more nefarious. However, we have held that crimes requiring proof of an "intent to defraud" necessarily involve moral turpitude. *Planes v. Holder*, 652 F.3d 991, 997–98 (9th Cir. 2011); *Blanco v. Mukasey*, 518 F.3d 714, 719 (9th Cir. 2008). Criminal impersonation is such a crime as it is committed by "assuming a false identity with the intent to defraud another." A.R.S. § 13-2006(A)(1). Thus, the Board did not err in ruling that petitioner is ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C) because she was convicted of a crime involving moral turpitude.

**PETITION FOR REVIEW DENIED.**