**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR LOZADA, AKA Luis Perez Calderon,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.   11-71464<br><br>Agency No. A089-958-706<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2016
San Francisco, California

Before:  HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Julio Cesar Lozada ("Lozada") seeks review of the denial of his application for cancellation of removal.  The Board of Immigration Appeals ("BIA") found Lozada ineligible for cancellation of removal based on his guilty plea to Criminal Impersonation under Arizona Revised Statutes § 13-2006, which the BIA deemed a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conviction for a crime involving moral turpitude ("CIMT"). Concluding that the BIA erred in its application of the modified categorical approach, we grant relief.

The charging documents, conviction document, and plea agreement in Lozada's case fail to specify the subsection of his conviction under section 13-2006(A). Applying the modified categorical approach, the BIA solely relied on the factual-basis statement made by Lozada's attorney during the plea colloquy to conclude that Lozada was convicted under subsection 13-2006(A)(1), a categorical CIMT. *See De Martinez v. Holder*, 770 F.3d 823, 824 (9th Cir. 2014).

However, the factual-basis statement alone was an insufficient basis for such a determination. *See United States v. Marcia-Acosta*, 780 F.3d 1244, 1255 (9th Cir. 2015). The modified categorical approach permitted the BIA to review the plea colloquy "only to determine 'which statutory phrase was the basis for the conviction,'" and not "to discover what the defendant actually did." *Descamps v. United States*, 133 S. Ct. 2276, 2287 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)). The BIA erred in using the modified categorical approach "to try to discern what . . . a plea proceeding revealed[] about the defendant's underlying conduct." *Id.* at 2288. Because we cannot determine which subsection of Arizona Revised Statutes § 13-2006(A) Lozada was convicted of violating, and one of those

2

subsections has no intent to defraud requirement, it was error for the BIA to find that Lozada had been convicted of a CIMT.[1]

**RELIEF GRANTED.**

---

[1] Lozada's motion to stay appellate proceedings is denied as moot.