**Pamela Nonstikelelo GADI, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 07–0452–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Justin Conlon, Law Office of Michael Boyle, North Haven, CT, for Appellant.

Janice K. Redfern, Trial Attorney, (Gregory G. Katsas, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, on the brief) United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, EDWARD R. KORMAN,\*\* District Judge.

### SUMMARY ORDER

Petitioner Pamela Nonstikelelo Gadi, a native and citizen of South Africa, seeks review of the January 9, 2007 order of the BIA affirming the December 15, 2005 decision of an Immigration Judge ("IJ") denying petitioner's motion for a continuance

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

\*\* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

pending an adjudication of a visa application based on petitioner's marriage to an American citizen, *see* 8 U.S.C. § 1151(b)(2)(A)(i), and ordering her voluntary departure from the United States or, failing that, removal. *In re Pamela Nonstikelelo Gadi,* No. A79 693 888 (BIA Jan. 9, 2007), *aff'g* No. A79 693 888 (Immig. Ct. Hartford Dec. 15, 2005). We assume the parties' familiarity with the facts and procedural history of this case.

Before this Court, petitioner sought only remand to the IJ so that her visa application could be adjudicated. Subsequent to the parties' briefing in this case, however, the United States Citizenship and Immigration Service ("USCIS") denied a visa application by petitioner's purported husband, Todd Wallace, on her behalf. Mr. Wallace filed a motion with the USCIS to reopen the petition, which the agency denied. Next, Mr. Wallace appealed USCIS's denial of his visa application on behalf of Ms. Gadi.

In light of these developments, the government filed a motion to dismiss, arguing that petitioner's challenge to the IJ's denial of a continuance is moot as a result of USCIS's denial of petitioner's husband's visa application. We agree. Even if we were to determine that the IJ abused its discretion in not granting petitioner's motion for a continuance, we could not provide relief that would alter the outcome of petitioner's case, as her visa application has now been adjudicated. Should the BIA affirm USCIS's order in response to Mr. Wallace's appeal, Mr. Wallace may bring a new petition for review of that decision. Whatever course of action Mr. Wallace may pursue in the future, petitioner no longer has a "personal stake" in this particular litigation, and we therefore lack subject matter jurisdiction over the action. *In re Kurtzman,* 194 F.3d 54, 58 (2d Cir. 1999).

For the foregoing reasons, the government's motion to dismiss is GRANTED, and the petition for review is DISMISSED.