09-2349-ag
*Abreu v. Holder*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges,*
> STEFAN R. UNDERHILL,
> > *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERTO CARDENAS ABREU,

> *Petitioner,*

> v.                                                                     No. 09-2349-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**           SUNITA PATEL (Darius Charney and Rachel
                              Meeropol, *on the brief*), The Center for Constitutional
                              Rights, New York, NY

---

* The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR RESPONDENT:**  PATRICK J. GLEN, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Office of Immigration Litigation, *on the brief*), Civil Division, U.S. Department of Justice, Washington, DC

**UPON CONSIDERATION** of the petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**. The order of the Board of Immigration Appeals is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

Petitioner Roberto Cardenas Abreu ("petitioner" or "Abreu") seeks review of a May 4, 2009 decision of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") that denied petitioner's motion to reopen his removal proceedings. The IJ ordered petitioner removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) upon concluding that he had been convicted of an aggravated felony. Petitioner subsequently moved for an extension of time for appealing that conviction in New York state court pursuant to N.Y. Crim. Proc. Law § 460.30, the motion was granted, and his appeal remains pending. Petitioner sought to reopen his removal proceedings on the basis of that appeal, arguing that his conviction had not yet become final. The IJ denied the motion and the BIA, sitting as an *en banc* court, affirmed in a precedential opinion. *In re Cardenas Abreu*, 24 I. & N. Dec. 795 (B.I.A. 2009). We assume the parties' familiarity with the remaining factual and procedural history of the case.

Prior to its amendment in 1996, the Immigration and Naturalization Act ("INA") did not define the term "conviction," although courts had long understood it to require some degree of finality, including exhaustion of direct appellate review. *See, e.g.*, *Marino v. INS*, 537 F.2d 686, 691 (2d Cir. 1976) ("[A]n alien is not deemed to have been 'convicted' of a crime under the [INA]" until "direct appellate review of the conviction (as contrasted with collateral attack) has been exhausted or waived." (relying on *Pino v. Landon*, 349 U.S. 901 (1955)). In 1996, Congress enacted the Illegal

Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, which defines conviction, in relevant part, as "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A).

Petitioner argues that the IIRIRA's definition of conviction did not disturb the INA's longstanding finality requirement, and also that the BIA erred in holding that his late-reinstated direct appeal had no effect on the finality of his conviction. The government's position is unclear. Before the BIA, the government argued that the IIRIRA abolished any finality requirement for convictions. *In re Cardenas Abreu*, 24 I. & N. Dec. at 797 (noting that the Department of Homeland Security argued "that even if [Abreu] had filed a direct appeal within 30 days of his conviction, the conviction would still be valid for immigration purposes"). In its brief to this Court, the government takes inconsistent positions, arguing at one point that the statutory definition of conviction is unambiguous, "extends to all formal judgments of guilt entered by the court, and makes no reference to the availability of further proceedings, *i.e.*, appeals, following this initial entry of judgment," Respondent's Br. 28, while arguing elsewhere that the question of finality is not before our Court, *id.* at 46. At argument, the government declined to take a position on whether the statutory definition of conviction embodies some form of a finality requirement.

In interpreting the statutory definition of conviction, the BIA recognized that, "[i]nitially, [it] must determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *In re Cardenas Abreu*, 24 I. & N. Dec. at 796 (internal quotation marks omitted). It noted both the government's view that the IIRIRA's definition of conviction unambiguously abolished any finality requirement, and petitioner's argument that the statutory language is ambiguous when viewed in the context of case law that preceded the passage of the IIRIRA. *Id.* at 797. It declined, however, to adopt either argument, holding instead that petitioner's

3

late-reinstated appeal could be distinguished from a timely appeal, and that a late-reinstated appeal does not undermine the finality of a conviction. *Id.* at 799-802.

In attempting to distinguish petitioner's late-reinstated appeal from a timely filed direct appeal, the BIA misinterpreted New York law and therefore abused its discretion. Assuming *arguendo* that the finality requirement remains in effect after the passage of the IIRIRA, an appeal reinstated pursuant to N.Y. Crim. Proc. Law § 460.30 is equivalent to any other direct appeal for the purposes of finality. As the New York Appellate Division stated in its order granting petitioner's motion for an extension of time to file his appeal, petitioner's moving papers, once granted, were "deemed to constitute a timely notice of appeal." Joint App'x 249. The government has not demonstrated that New York courts treat appeals reinstated pursuant to § 460.30 any differently than appeals as-of-right filed within thirty days pursuant to § 460.10. Indeed, nothing in § 460, entitled "Appeals," even mentions a "late" or "untimely" appeal; instead, § 460.30 provides an "extension of time" to file in select cases, as its title indicates.[1]

The BIA held that the "procedure" for filing an appeal under § 460.30 "introduces a layer of uncertainty and delay far beyond that of a traditional appeal." *In re Cardenas Abreu*, 24 I. & N. Dec. at 801. The BIA, however, was not asked whether the procedure for filing a motion under § 460.30

---

[1] In order to appeal pursuant to § 460.30, a defendant must show that he failed to timely file a direct appeal as-of-right under § 460.10 due to:

(a) improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken, prior to the expiration of the time within which to take an appeal due to defendant's incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant.

N.Y. Crim. Proc. Law § 460.30(1). An appeal under § 460.30 must be filed no more than one year after the expiration of the thirty-day filing deadline set forth in § 460.10.

4

implicated the finality rule. Instead, the question before the BIA was whether once such a motion has been granted and a petitioner has a late-reinstated direct appeal pending, that appeal is distinguishable from an appeal under § 460.10. As we have explained, it is not. This case is therefore distinguishable from *In re Polanco,* 20 I. & N. Dec. 894 (B.I.A. 1994), in which there was "no evidence" that the petitioner's application to reinstate his appeal had yet been accepted by the New Jersey courts pursuant to a New Jersey statute similar to § 460.30. *Id.* at 898.

In these circumstances, we think a remand is appropriate for the BIA to address, in the first instance, whether the IIRIRA's definition of conviction is ambiguous with respect to the finality requirement. Although the BIA properly recognized this as the first step of its inquiry, it declined to address ambiguity and instead denied petitioner's motion to reopen based on an erroneous interpretation of § 460.30. The BIA must now determine on remand whether a conviction is sufficiently final to warrant removal when a petitioner has a direct appeal pending.

We intimate no view on whether the statute is, in fact, ambiguous. We recognize, moreover, that we owe no deference to the agency's position on this question. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 n.9 (1984) ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent."). Nevertheless, even when our review of a question is *de novo*, the agency's views can be helpful and often persuasive. *Cf. Aulicino v. N.Y. City Dep't of Homeless Servs.*, 580 F.3d 73, 85 (2d Cir. 2009) (explaining that, although our review of summary judgment is *de novo*, "[w]e are entitled to the benefit of the district court's judgment, which is always helpful and usually persuasive" (quoting *Beckford v. Portuondo*, 234 F.3d 128, 130 (2d Cir. 2000))). Accordingly, we think a remand is appropriate to permit the BIA to express its views on this question. We hope that, on remand, the BIA will have the benefit of a more coherent position from the government.

5

**CONCLUSION**

For the foregoing reasons, the petition for review is **GRANTED**. The order of the Board of Immigration Appeals is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order. In the event of a subsequent appeal in this case, the matter will be assigned to this panel.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court