# Matter of Ulices MONTIEL, Respondent

*Decided April 17, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Removal proceedings may be delayed, where warranted, pending the adjudication of a direct appeal of a criminal conviction. *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012), followed.

FOR RESPONDENT: Andrew K. Nietor, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jeffrey Lindblad, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; WENDTLAND and GREER, Board Members.

GREER, Board Member:

The parties have filed a joint motion to administratively close this case because a direct appeal of the respondent's criminal conviction remains pending. The motion will be granted and the proceedings will be administratively closed.[1]

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on March 14, 2008. He was convicted by jury on November 14, 2013, in the United States District Court for the Southern District of California, of unlawful transportation of aliens in violation of section 274(a)(1)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1324(a)(1)(A)(ii) (2012). On December 16,

---

[1] The parties filed the motion to administratively close the proceedings before the period for supplemental briefing expired. We denied the motion at that stage. However, supplemental briefing is now complete on the question whether finality is required under the definition of a "conviction" in section 101(a)(48)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(48)(A) (2012). In accordance with the parties' request, we conclude that administrative closure is appropriate at this time, without further addressing the issue whether a conviction must be "final" to support removability.

2013, he filed a direct appeal of his conviction with the United States Court of Appeals for the Ninth Circuit. *United States v. Montiel*, No. 13-50609 (9th Cir. filed Dec. 16, 2013). The respondent's criminal appeal remains pending at this time.

On June 10, 2014, the Immigration Judge held that the respondent was convicted of an aggravated felony, as defined in section 101(a)(43)(N) of the Act, 8 U.S.C. § 1101(a)(43)(N) (2012), and that notwithstanding the pendency of a direct appeal, the conviction was final for immigration purposes. The Immigration Judge therefore ordered the respondent's removal from the United States under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012). The parties have filed a joint motion for administrative closure and submitted supplemental briefs in support of their positions regarding the question whether a conviction is final for immigration purposes during the pendency of a direct appeal.

## II. ISSUE

The issue before us is whether the removal proceedings should be administratively closed at the parties' request because a direct appeal of the respondent's criminal conviction, which would subject him to removal, remains pending.

## III. ANALYSIS

Administrative closure is used to temporarily remove a case from an Immigration Judge's active calendar or from the Board's docket. *Matter of Gutierrez*, 21 I&N Dec. 479, 480 (BIA 1996), *overruled on other grounds*, *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012). The administrative closure of a case does not result in a final order. It is merely an administrative convenience that allows cases to be removed from the calendar in appropriate situations, subject to being recalendared at a later date. *Matter of Amico*, 19 I&N Dec. 652, 654 n.1 (BIA 1988).

In *Matter of Avetisyan*, 25 I&N Dec. at 695, we held that in determining whether administrative closure of proceedings is appropriate, an Immigration Judge or the Board should weigh all the relevant factors presented in the case. These factors include, but are not limited to, the following: (1) the reason administrative closure is sought; (2) the basis for any opposition to administrative closure; (3) the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings; (4) the anticipated duration of the closure; (5) the responsibility of either party, if any, in contributing to any current or anticipated delay; and (6) the ultimate outcome of removal

proceedings (for example, termination of the proceedings or entry of a removal order) when the case is recalendared before the Immigration Judge or the appeal is reinstated before the Board.

Whether the pendency of a direct appeal warrants administrative closure will depend on the particular circumstances of each case. *See generally Matter of Cardenas Abreu*, 24 I&N Dec. 795, 797−98 (BIA 2009) (discussing the history of case law holding that, for immigration purposes, a conviction must be final, meaning that no direct appeal is pending), *vacated*, *Abreu v. Holder*, 378 F. App'x 59 (2d Cir. 2010).[2] Under the circumstances presented in this case, we conclude that administrative closure is warranted as a matter of administrative efficiency.[3] *See id.* at 802–03 (Grant, concurring) (recognizing the interests that are served by holding proceedings in abeyance, if warranted, until resolution of a pending direct appeal of right).

Regarding the *Avetisyan* factors, the parties have filed a joint motion seeking administrative closure to await resolution of the direct appeal of the respondent's conviction, which is pending in the Ninth Circuit.[4] Although we do not engage in a retrial to determine the likelihood of the respondent's success with his criminal appeal, we consider the circumstances of the appeal to be relevant. In this regard, we note that the respondent was convicted as a result of a jury trial, rather than on the basis of a guilty plea. Moreover, his direct appeal concerns the validity of the underlying conviction, as opposed to the sentence imposed.

We recognize that the Ninth Circuit, in whose jurisdiction this case arises, has held that finality is not required for a conviction, as defined by

---

[2] We distinguish a direct appeal from cases involving a pending post-conviction motion to collaterally attack a conviction, which does not generally have a bearing on finality. *See, e.g.*, *Matter of Ponce De Leon*, 21 I&N Dec. 154, 156–57 (BIA 1996, 1997; A.G. 1997) (recognizing that the availability of post-conviction motions or other forms of collateral attack does not affect the finality of a conviction for immigration purposes unless the conviction has been overturned).

[3] A continuance is another mechanism to consider in these situations, particularly in the context of a detained alien's case. Factors similar to those relevant for administrative closure may also be relevant in determining whether a case should be continued to await the outcome of a pending direct appeal. *See generally Matter of Hashmi*, 24 I&N Dec. 785 (BIA 2009) (identifying factors relevant to the underlying purpose for the continuance request).

[4] We note that a delay would not be warranted where a direct appeal is based on a facially frivolous argument. *See Matter of Sanchez Sosa*, 25 I&N Dec. 807, 815 (BIA 2012) (recognizing that a continuance should not be granted where it is being sought "as a dilatory tactic to forestall the conclusion of removal proceedings").

section 101(a)(48)(A) of the Act, to support a charge of removability.[5] *Planes v. Holder*, 652 F.3d 991, 996 (9th Cir. 2011). Nonetheless, should the respondent prevail on the direct appeal of his criminal conviction, he would not be subject to removal on that basis.

## IV. CONCLUSION

Considering the circumstances in this case, we conclude that the removal proceedings should be administratively closed. If either party wishes to reinstate the proceedings, a written request for reinstatement may be made to the Board. The Board will take no further action in the case unless a request is received from one of the parties.

**ORDER:** The parties' motion is granted and the removal proceedings are administratively closed.

---

[5] There is a split of authority over whether the right to file a direct appeal of a criminal conviction must be exhausted or waived for the conviction to be "final" under the statutory definition of a "conviction" for immigration purposes. *See, e.g.*, *Orabi v. Att'y Gen. of U.S.*, 738 F.3d 535, 541–42 (3d Cir. 2014) (holding that a "conviction" under section 101(a)(48)(A) of the Act does not support a charge of removability during the pendency of a direct appeal as of right).