**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2054
_____

RAMOND ROBERT MARTIN,
a/k/a Ralph H. Martin, a/k/a John Royal,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-784-087)
Immigration Judge:  Honorable Daniel A. Morris
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2018
Before:  VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: April 4, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Ramond Robert Martin, a native and citizen of Jamaica, arrived in the United

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

States in 1990 as a visitor and adjusted his status to that of a lawful permanent resident in 2004. In 2012, he was convicted of several violations of N.J. Stat. § 2C:35-5(a)(1) (making it unlawful to "manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog") and N.J. Stat. § 2C:35-5(b)(3) (describing his cocaine crime as a third degree offense and setting the fine).

On May 7, 2015, after the Appellate Division of the New Jersey Superior Court had affirmed his judgment of conviction but before the New Jersey Supreme Court had ruled on his timely petition for certification of that decision, the Government charged Martin as removable for having been convicted of an aggravated felony relating to drug trafficking and for having been convicted of a controlled substance offense. R. 672-74. Martin, through counsel, sought to terminate the removal proceedings on the basis that his conviction was not final in light of the ongoing direct appeal proceedings. R. 639-40. Initially, the Government requested time to investigate the matter, but then, after the New Jersey Supreme Court ruled, the Government opposed the motion to terminate on the basis that the petition for certification had been denied on July 10, 2015. R. 525.

The Immigration Judge ("IJ") sustained the charges after Martin appeared with different counsel, Lauren Anselowitz, who reviewed the notice to appear and judgment of conviction at the hearing and then, on behalf of Martin, conceded the allegations related

2

to the conviction and removability charges.[1]  R. 117.  At a later hearing, she re-raised a version of the initial argument for termination.  She stated that the conviction was not final at the time that the notice to appear issued, but first stated incorrectly that Martin's appeal had been pending before the Appellate Division, and later represented that the appeal became final at the end of March 2015, when the Appellate Division ruled.   The IJ explained that Martin was served with the notice to appear on May 7, 2015, so "that takes care of that."  R. 139.   At the next hearing, Anselowitz again sought termination, this time on the actual initial argument that the petition for certification remained pending when Martin was served with the notice to appear.  The Government opposed the motion, arguing that the conviction was final and the discretionary appeal did not affect its finality because it was not granted.  The IJ denied the motion on the basis that there was a final conviction.  R. 148.

After continuances, Martin appeared before a different IJ with new counsel, who, inter alia, sought a continuance and renewed and argued the motion to terminate based on a pro se motion that Martin had filed.  R. 204-15.  The IJ concluded that good cause did not exist for an additional continuance.  The IJ treated the motion to terminate as a motion to withdraw the concession regarding Martin's conviction and noted that, although there may have been a pending appeal, which a previous IJ did not realize, it was a moot issue because the conviction had become final.  R. 209.  In his written

---

[1] She also notified the IJ that Martin had filed a PCR petition in New Jersey and confirmed that the "petition for certiorari" was denied.  R. at 118.

decision, the IJ concluded that Martin had not shown that he should be allowed to withdraw his admissions to the allegations and charge and found that Martin had been convicted of the crimes described in the notice to appeal. Citing the Matter of Montiel, 26 I. & N. Dec. 555 (BIA 2015),[2] the IJ affirmed the previous IJ's rulings relating to the motion to terminate and denied the renewed motion to terminate. The IJ ordered that Martin be removed.

Martin took an appeal to the Board of Immigration Appeals ("BIA"). The BIA ruled that, although Martin argued that his notice to appear should be reissued because his conviction was on direct appeal when the notice to appear issued, he was bound by his concession. The BIA concluded that Martin did not overcome the presumption that the concession was a reasonable tactical decision binding on him under Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986). The BIA further ruled that Martin could not overcome the fact that all direct appeals of his criminal conviction were final and that his conviction was final for immigration purposes. The BIA affirmed the IJ's decision denying the motion for a continuance and the motion to terminate the proceedings.

Martin, pro se, presents a petition for review. He raises two main arguments.

_____

[2] In Matter of Montiel, the BIA delayed the proceedings while a direct appeal was pending in the Ninth Circuit Court of Appeals, only to reinstate and resolve the case (without the issuance of a new notice to appear) when the appeals process had ended. See, e.g., Matter of Montiel, A087 060 138 - SAN, 2016 WL 3226614, at *1 (BIA May 18, 2016).

First, as he has done since the outset of his case, he relies on Orabi v. Attorney General of the United States, 738 F.3d 535 (3d Cir. 2014), to claim that the proceedings should have been terminated because he was not removable as charged because his conviction was not final when the notice to appear issued.  In relation to this, he further states that his conviction is not yet final because he has an appeal still pending.  Second, Martin argues that he is entitled to relief because Anselowitz's "concession" on his behalf was a product of ineffective assistance of counsel.

Because Martin was found removable as an aggravated felon, our jurisdiction is limited; however, we retain jurisdiction over constitutional claims and questions of law.[3] See Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (en banc) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); cf. also Silva-Rengifo v. Att'y Gen. of the U.S., 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen. of the U.S., 420 F.3d 202, 211 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts").

As Martin states, in this circuit, a conviction is not considered final for immigration purposes until direct appellate review has been exhausted or waived.  Orabi, 738 F.3d at 543.  But see Planes v. Holder, 652 F.3d 991, 996 (9th Cir. 2011) (changing its rule post-IIRIRA to join the opinions of four other circuit courts and concluding that a

---

[3] Although the Government argues that Martin raises no legal issue, we disagree.  Among other things, he specifically argues that the BIA violated the law of our circuit in declining to terminate his removal proceedings.

5

conviction under the INA requires only that a trial court enter a formal judgment of guilt and does not require the exhaustion or waiver of all direct appeals).[4]  Accordingly, as Martin has pressed since the beginning of his immigration proceedings, his judgment of conviction was not final for immigration purposes when the notice to appear issued because his direct appeal was not yet complete (he had a pending petition for discretionary relief in the New Jersey Supreme Court).  See Orabi, 738 F.3d at 543.  At the time the notice to appear issued, the Government had no basis on which remove Martin.

---

[4] We note that the BIA, in Matter of Montiel, ruled within the geographical limits of the Ninth Circuit Court of Appeals.

However, the IJ did not immediately rule on the motion to terminate, and, as the BIA noted, Martin's direct appeal later concluded. Upon review, we conclude that that subsequent event rendered permissible the denial of the motion to terminate (and the renewed motions to terminate). The statute provides that it is "[a]t the conclusion of the proceeding [that] the immigration judge shall decide whether an alien is removable from the United States." 8 U.S.C. § 1229a(c)(1)(A). In this case, there is no dispute that Martin's convictions were final once all his direct appeals were rejected, prior to the conclusion of the immigration proceeding. Then, Martin was removable based on the convictions listed on the notice to appear.[5] For this reason, we will deny the petition for review.[6]

---

[5] The BIA concluded that Martin's evidence did not show that any direct appeal was still pending. To the extent that conclusion is factual, we cannot review it. To the extent that the conclusion was a legal ruling on the finality of his proceedings, we do not disagree with it. For instance, the BIA was correct in concluding that any pending collateral attack on the conviction did not affect its finality for immigration purposes. See Paredes v. Att'y Gen. of the U.S., 528 F.3d 196, 198-99 (3d Cir. 2008).

[6] Because the BIA ruled that Martin's removal was appropriate because all direct appeals had been completed *or* because Martin conceded removability through Anselowitz and had not shown that the concession was the result of unreasonable professional judgment or was so unfair as to have produced an unjust result, see Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986), we need not reach the aspect of the BIA's ruling based on a concession. However, we note that, even if Martin raises a strong challenge to the BIA's legal conclusion that Anselowitz acted strategically when she gave away his only viable argument (that he was not convicted for immigration purposes because his conviction was not final when the notice to appear issued), in the end, the argument would not win the case. That his conviction was final before the denial of his motions to terminate and at the conclusion of his immigration proceedings controlled the outcome in the agency.