*Tinoco v. Bondi*

BIA
Sagerman, IJ
A090 655 772

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

RAMIRO MORENO TINOCO,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

24-3265
NAC

**FOR PETITIONER:**            Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:**            Brett A. Shumate, Assistant Attorney General; Sabatino F. Leo, Assistant Director; Aaron D. Nelson, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ramiro Moreno Tinoco, a native and citizen of Mexico, seeks review of a November 26, 2024, decision of the BIA affirming a June 25, 2024, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Ramiro Moreno Tinoco,* No. A 090 655 772 (B.I.A. Nov. 26, 2024), *aff'g* No. A 090 655 772 (Immigr. Ct. Napanoch June 25, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Generally, when a petitioner is ordered removed based on a conviction for an aggravated

2

felony, as Petitioner was, our jurisdiction is limited to review of "constitutional claims or questions of law." 8 U.S.C. §1252(a)(2)(C), (D). However, this limitation on our review does not apply to CAT claims, *see Nasrallah v. Barr*, 590 U.S. 573, 587 (2020), and we have not yet resolved whether it applies to withholding of removal, *see Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). We therefore review Petitioner's challenges to both the withholding of removal and CAT claims under the substantial evidence standard. *See id.* ("[E]ven if we assume *arguendo* that our authority to review [the petitioner's] withholding challenge is the same as our authority to review his CAT challenge, we would not grant his petition."). Under that standard, "[w]e review the agency's factual findings" for substantial evidence and "questions of law and the application of law to fact" *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation modified). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B).

I.     **Asylum**

Petitioner does not dispute that he was convicted of an aggravated felony that, if final, is a ground for removability and a bar to asylum relief. *See* Certified

3

Admin. R. ("CAR") at 3.   Instead, Petitioner contends that his conviction was not final in light of his pending collateral challenge to that conviction through a motion under New York Criminal Procedure Law §440.10, and thus the agency erred and denied him due process in denying his motion for a continuance to await the outcome of that motion.   *See* Petitioner's Br. at 19-22.   We take judicial notice that Petitioner's §440.10 motion was denied on June 26, 2024.   *See State of New York v. Ramiro T. Moreno*, Index No. 70367-21 (N.Y. Sup. Ct. June 26, 2024).   In light of that decision, Petitioner's challenge to the denial of his motion for a continuance is moot.   *See Gadi v. Mukasey*, 293 F. App'x 55, 56 (2d Cir. 2008) (summary order) (concluding that challenge to IJ's denial of motion for continuance "pending an adjudication" of a separate application was rendered moot by the denial of that application during the pendency of the appeal).[1]   Accordingly, we deny the petition as to asylum relief.

---

[1] In any event, Petitioner's conviction was final for immigration purposes notwithstanding his pending collateral challenge.   *See Montilla v. INS*, 926 F.2d 162, 164 (2d Cir. 1991) (holding that conviction is final despite collateral attacks); *see also Matter of Montiel*, 26 I. & N. Dec. 555, 557 n.2 (B.I.A. 2015) (noting that a "pending post-conviction motion to collaterally attack a conviction . . . does not generally have a bearing on finality").

## II. Withholding of Removal and Convention Against Torture

We likewise deny the petition as to the claims for withholding of removal and relief under the CAT. An applicant for withholding of removal has the burden to establish (1) either past persecution or a well-founded fear of future persecution, and (2) that a protected ground – here, membership in a particular social group – is "at least one central reason" for past or feared harm. *See* 8 U.S.C. §1231(b)(3)(A); 8 C.F.R. §1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109-14 (2d Cir. 2022); *Paloka v. Holder*, 762 F.3d 191, 196-97 (2d Cir. 2014).

The IJ denied Petitioner's withholding of removal claim on several grounds: (1) of the six proposed social groups, Petitioner was not a member of five, and the sixth group – "Mexican men that fear criminal organizations given past targeting of his and his immediate family" – was not cognizable; (2) Petitioner failed to establish a nexus between the persecution he feared and any of his purported social groups; and (3) Petitioner failed to establish that he is more likely than not to be persecuted, because he testified that he feared harm only from a criminal organization in his home state, leaving him able to relocate within Mexico. *See* CAR at 83-87. In his petition, Petitioner does not challenge the IJ's finding as to the localized nature of his fear of persecution, nor does he make any argument

contesting the agency's determination that the proposed social group of "Mexican men that fear criminal organizations given past targeting of his and his immediate family," CAR at 4, is not cognizable [2]   He has therefore abandoned these dispositive grounds for the denial of withholding of removal.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)).  We accordingly deny his petition as to withholding of removal.

Because Petitioner failed to demonstrate a likelihood of persecution sufficient for his claim for withholding of removal, and his CAT claim rested on the same facts, he necessarily failed to meet the higher standard that "it is more likely than not that he . . . would be tortured if removed to the proposed country

---

[2] Instead of challenging this finding before the BIA or in this Court, Petitioner has attempted to redefine this proposed social group as "Mexicans who had family ties in the US," making them likely kidnapping targets.   Petitioners' Br. at 25; *see also* CAR at 20 (Petitioner's brief to the BIA arguing that he reasonably feared kidnapping because "he would be potentially seen as an individual who had money or who has family members with money since his family would be here in the United States").   Even if we were to consider this new proposed social group, we have held that neither wealth nor "class status" is sufficient to "establish a social group with sufficient particularity."   *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007).

of removal" as required for relief under the CAT.   8 C.F.R. §1208.16(c)(2); *see also Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).   Accordingly, we deny the petition as to CAT relief.

**III.   Unlawful Removal**

Finally, we find no merit in Petitioner's allegation that he was unlawfully removed in violation of 8 C.F.R. §1003.6(a) while his appeal was pending before the BIA.   He was removed on December 16, 2024, *see* ACMS Doc. #12 (Removal Notice), more than two weeks *after* the BIA's November 26, 2024, decision, and before his petition for review was docketed or his stay motion was filed.   *See* 8 U.S.C. §1252(b)(3)(B) ("Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise."); *Nken v. Holder*, 556 U.S. 418, 424-25 (2009). Therefore, contrary to Petitioner's argument, he was not removed "while his BIA appeal was pending."   Petitioner's Br. at 22.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court